IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEAF INTERPRETER SERVICES, INC., <br> A Texas Corporation | § <br> § <br> § | |
| Plaintiff, | § <br> § | CIVIL ACTION NO.   5:13-cv-867 |
| v. | § <br> § | |
| WEBBCO ENTERPRISES, L.L.C., <br> A Texas Limited Liability Company D/B/A <br> VISUAL COMMUNICATION SERVICES <br> and ERMA L. WEBB, Individually | § <br> § <br> § <br> § <br> § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Deaf Interpreter Services, Inc. (hereinafter "Deaf Interpreter Services"), by way of complaint against Webbco Enterprises, L.L.C. d/b/a Visual Communication Services (hereinafter "VCS") and Erma L. Webb (hereinafter "Webb"), through the undersigned attorney, alleges as follows:

### I.    PARTIES

1.    Plaintiff, Deaf Interpreter Services, Inc. is a Texas corporation with a principal place of business at 15600 San Pedro, Suite 302, San Antonio, Texas  78232.

2.    Upon information and belief, Defendant, Webbco Enterprises, L.L.C. d/b/a Visual Communication Services, is a Texas Limited Liability Company with a principal place of business at 11718 Imperial Woods Lane, Cypress, Texas  77429, and an office at 6655 First Park Ten Boulevard, Suite 230, San Antonio, Texas  78213.   The registered agent for service of

process is Erma L. Webb with an address at 11718 Imperial Woods Lane, Cypress, Texas 77429.

3. Defendant Erma L. Webb is an individual and resides at 11718 Imperial Woods Lane, Cypress, Texas 77429 and may be served at that address.

## II. NATURE OF THE ACTION

4. This is an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common law unfair competition.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Deaf Interpreter Services' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the acts complained of herein occurred in part within the Western District of Texas, San Antonio Division.

## IV. FACTS

7. In 1993, Florence Martin provided sign language communications service between persons that were hearing impaired and persons that were not hearing impaired. Because many hearing impaired individuals can communicate by sign language, but only a small percentage of the general public can communicate by sign language, Ms. Martin would provide individuals that (1) could hear and (2) could communicate by sign language, to translate between the hearing impaired and the non-hearing impaired.

8.      Ms. Martin called her business "Deaf Interpreter Services". The words "Deaf Interpreter Services" is an oxymoron because a hearing impaired person (i.e., deaf) is <u>not</u> providing any type of interpretation.

9.      Marilyn and John Weber have a hearing impaired daughter. As a result, Marilyn Weber became very proficient with sign language.

10.     Between 1993 and 1998, Marilyn Weber worked for Deaf Interpreter Services on a part-time basis by providing sign language communication between the hearing impaired and others that are not hearing impaired.

11.     In 1998, Marilyn Weber bought Deaf Interpreter Services from Florence Martin and continued to operate the business under the name Deaf Interpreter Services.

12.     In June 2000, the business was incorporated in Texas under the name Deaf Interpreter Services, Inc.

13.     From 1993 to the present time, Deaf Interpreter Services has continuously operated in San Antonio, Texas providing sign language and other types of communication with the hearing impaired.

14.     Initially, Deaf Interpreter Services worked primarily with Kelly Air Force Base in providing sign language communication with the hearing impaired. When Marilyn Weber purchased Deaf Interpreter Services, she began to rapidly expand the business. The expansion included contracting with school districts to provide sign language communication with the hearing impaired.

15.     Due to the hard work of the owner and its employees, Deaf Interpreter Services has grown from its humble beginnings in 1993 to where it provides communications with the hearing impaired on a nationwide basis. Services are offered twenty-four (24) hours a day, seven

(7) days of week.

16.     Communications with the hearing impaired has been expanded to include not only sign language and oral interpreters, but also video remote interpreting.  Deaf Interpreter Services has provided communications with thousands of hearing impaired persons through the use of sign language, oral interpreting or captioning.

17.     Deaf Interpreter Services has provided communications with the hearing impaired in all of the following situations:

| | | |
|---|---|---|
| Educational (all types) | Government Agencies | Legal / Judicial |
| Business / Training | Military Settings | EEOC Hearings |
| Medical / Hospitals | Therapy / Counseling | Theatre / Concerts |
| Interviews / Meetings | Job Coaching / Vocational | Conferences / Seminars |
| Non-Profits | Social Services | Weddings / Funerals |

18.     As a result of the quality services being provided for the hearing impaired community, Deaf Interpreter Services has received numerous recognitions and awards, including the following:

   a.     Official Commendation by the City of San Antonio, Texas (see Exhibit A);

   b.     Commendation Letter by San Antonio Independent Living Services (see Exhibit B);

   c.     Commendation Letter by University Health Systems (see Exhibit C);

   d.     Recognition as the Small Employer of the Year by the American With Disabilities Act Celebration in 2008 (see Exhibit D);

   e.     Sponsors Appreciation for the 2009 Texas Association of Deaf Conference (see Exhibit E);

   f.     Sponsorship of the Wild Ponies Soccer Team (see Exhibit F);

   g.     National Innovation Award given by the Women Presidents Organization (see Exhibit G);

        h.        Outstanding Philanthropic Small Corporation (see Exhibit H);

        i.        Commendation Letter from the ARC of San Antonio (see Exhibit I)

This is only a partial list of the many awards or recognitions received by Deaf Interpreter Services.

19.    To help promote their name Deaf Interpreter Services, and to provide assistance in the San Antonio Area, numerous sponsorships have been provided by Deaf Interpreter Services, including the following:

        a.        Deaf Festival put on by Alamo Association of The Deaf (see Exhibit J)

        b.        San Antonio Independent Living Services (SAILS) presents Americans With Disabilities Act (ADA) 20th Anniversary Celebration (see Exhibit K),

        c.        Accessibility Fest, Sunday, October 11, 2009 Institute of Texan Cultures (see Exhibit L)

        d.        2009 Texas Association of the Deaf Conference, San Antonio, Texas (see Exhibit M)

        e.        2009 Conference, Texas Association of Interpreters for the Deaf (see Exhibit N)

        f.        2009 Conference of the Texas Society of Interpreters for the Deaf and Registry of Interpreters for the Deaf Region IV (see Exhibit O)

        g.        2012 Gala for the ARC of San Antonio (see Exhibit P)

        h.        Opening Doors Conference on February 24, 2011 for Texas Department of Assistive and Rehabilitative Services (see Exhibit Q)

        i.        Hearing Loss Association of San Antonio, Holiday Celebration 2006 (see Exhibit R)

        j.        Texas School for the Deaf, 150th Celebration (see Exhibit S)

        k.        Miss Deaf Texas Pageant (see Exhibit T)

l.      Churchill High School Theatre Department (see Exhibit U)

m.      Texas Association of the Deaf sponsor in 2005 (see Exhibit V)

n.      Dozens of sponsorships for winning ticket raffle with SPURS games (see Exhibit W)

20.     Deaf Interpreter Services has extensively advertised its services (particularly in the San Antonio area) by paid advertisement, including the following:

a.      A conference in San Antonio, Texas where the ad went to thousands of people attending the conference (see Exhibit X)

b.      Ad with Texas Society of Interpreters for the Deaf (TSID) in 2005 (see Exhibit Y)

c.      Ad with Texas Society of Interpreters for the Deaf (TSID) in 2004 (see Exhibit Z)

d.      Telephone advertisements (see Exhibit AA), representative of many telephone advertisements over the years

e.      Advertisements that appear in the San Antonio Independent Living Services (SAILS) booklet (see Exhibit BB)

There are numerous other advertisements purchased by Deaf Interpreter Services that are not specifically listed and enumerated herein.

21.     In recognition of the support by Deaf Interpreter Services and their sponsorship, a SPURS basketball with the name "Deaf Interpreter Services, Inc." thereon was presented to Deaf Interpreter Services (see Exhibit CC).

22.     Deaf Interpreter Services has purchased many give away items that have its name "Deaf Interpreter Services" thereon, which give away items have been made available to the public to advertise Deaf Interpreter Services.  A random collection of such items is attached hereto as Exhibit DD.

23.     To keep people informed in the hearing impaired community as to what is occurring, Deaf Interpreter Services publishes as periodic newsletter entitled *D.I.S. 'n THAT*, a sample of which is attached hereto as Exhibit EE.

24.     Deaf Interpreter Services has been written up numerous times in the local press with samples of such articles being attached hereto as Exhibit FF.

25.     Since Deaf Interpreter Services was purchased by Marilyn Weber, Deaf Interpreter Services has become a market leader and is recognized throughout the country as providing only the finest, most professional translators in the nation.   As a result of the widespread public use and recognition, the name Deaf Interpreter Services has become an asset of substantial value and goodwill as indicating a source of translators for the hearing impaired.

26.     The name "Deaf Interpreter Services" has been promoted and marketed through substantial and on-going business activities throughout the hearing impaired market.  As a result, Deaf Interpreter Services has established significant recognition and goodwill within the hearing impaired community.

27.     Deaf Interpreter Services has been actively expanding under the name Deaf Interpreter Services and continues to market its services for the hearing impaired under the name Deaf Interpreter Services throughout the United States.

28.     Because Deaf Interpreter Services started in San Antonio, Texas, Deaf Interpreter Services provides more services in, and is better known in, San Antonio, Texas and surrounding areas than in other parts of the country.  A majority of the services provided by Deaf Interpreter Services are provided in the San Antonio area.

29.     Deaf Interpreter Services has expended significant time, money and effort in advertising and promoting its services provided under the name Deaf Interpreter Services.  As a

result, Deaf Interpreter Services has developed substantial and exclusive goodwill and reputation in connection with providing communication services for the hearing impaired under the name Deaf Interpreter Services.

30.     As a result of these expenditures, and the providing of quality services under the name Deaf Interpreter Services, the relevant public that needs and/or provides communication with the hearing impaired has come to recognize the name Deaf Interpreter Services as favorably distinguishing its services from those of others.

31.     The name Deaf Interpreter Services is well known and has obtained significant customer recognition in the hearing impaired marketplace.  People working with the hearing impaired, especially in the San Antonio area, have come to recognize Deaf Interpreter Services as providing quality communication services with the hearing impaired.

32.     The name Deaf Interpreter Services serves as a symbol of, and source for, high quality communication services with the hearing impaired.

33.     Based upon information and belief, Webb started doing business in Cypress, Texas under the name Visual Communication Services.  The business was incorporated in 2008 as Webbco Enterprises, L.L.C. with a d/b/a filed with the State of Texas for "Visual Communication Services" (hereinafter "VCS") in March of 2009.   Webb is listed as the President.

34.     VCS has a first website of www.vcsoncall.com, which website indicates a business address of 4355 Sylvan Field Drive, #230, Houston, Texas  77014 (see Exhibit GG). Nowhere in the first website of www.vcsoncall.com are the words "Deaf Interpreter Services" used.

35.     Based on information and belief, after Deaf Interpreter Services became well

known in the San Antonio, Texas area, Webb and/or CVS decided to expand into San Antonio, Texas area using the words "Deaf Interpreter Services". The use of the words "Deaf Interpreter Services" was in order to trade on the goodwill of Plaintiff Deaf Interpreter Services.

36.     On or about August 9, 2011, Webb and/or CVS created a second website of www.sanantoniodeafinterpreterservices.com in order to create confusion with Plaintiff, Deaf Interpreter Services. On every page of the second website, the words "Deaf Interpreter Services" are emphasized at the bottom (see Exhibit HH). Also, repeatedly on the sides of each page, and at other locations throughout the second website, the terms "Deaf Interpreter Services" are used, sometimes with, or without, the words "San Antonio".

37.     In an effort to further confuse the public, the second website did not use the green background of the first website of www.vcsoncall.com. (Compare Exhibit GG with Exhibit HH.) Instead, the second website used the same blue background colors as used by Deaf Interpreter Services.

38.     Webb and/or VCS opened an office in San Antonio, Texas at 6655 First Park Ten Boulevard, Suite 240, San Antonio, Texas  78213. While contending the name of their business is "Visual Communication Services", the repeated use of "Deaf Interpreter Services" on both their second website and in their second web address was with the intent to trade upon the name and/or mark of Plaintiff Deaf Interpreter Services.

39.     Based upon information and belief, Webb used her limited liability company d/b/a name of Visual Communication Services when she was doing business in Houston, Texas. However, when Webb expanded her business into San Antonio, Texas, in an effort to trade upon the goodwill and reputation of Deaf Interpreter Services, started using the terms "Deaf Interpreter Services" to cause confusion with Plaintiff Deaf Interpreter Services. This attempt to

create confusion results from adopting a second web address of www.sanantoniodeafinterpreterservices.com and on that second website using repeatedly the words "Deaf Interpreter Services" (see Exhibit HH).

40.     Upon information and belief, Webb is the current owner of, and exclusively controls the actions of, VCS. Webb is personally responsible for the decision to use the second web address of www.sanantoniodeafinterpreterservices.com and inserting the words "Deaf Interpreter Services" repeatedly throughout that second website. Webb controls the acts of VCS, including the acts complained of herein.

41.     Defendants started using the words "Deaf Interpreter Services" in both their second web address and on their second website despite actual knowledge of Plaintiff Deaf Interpreter Services, including its ownership, of and rights in and to, the name and/or mark Deaf Interpreter Services and the goodwill associated therewith.

42.     Webb and/or VCS offers its services to some of the same customers being serviced by Deaf Interpreter Services, including, but not limited to, school districts in the San Antonio area.

43.     As a result of Webb's and/or VCS' use of the terms "Deaf Interpreter Services", actual confusion has occurred between the services offered by Webb and/or VCS and Deaf Interpreter Services.

44.     Upon information and belief, Webb and/or VCS advertises their services through press releases and its second website of www.sanantoniodeafinterpreterservices.com in order to do business with the hearing impaired market throughout the United States, and particularly within the San Antonio, Texas market area.

45.     Upon information and belief, at the time Webb and/or VCS started using "Deaf Interpreter Services", they had full knowledge of Plaintiff's use of Deaf Interpreter Services as its name and/or mark.

46.     Upon information and belief, these activities by Webb and/or VCS have been continuous with the intent to solicit business away from Deaf Interpreter Services within the hearing impaired market anywhere in the United States, but particularly from the San Antonio, Texas area.

47.     Webb and/or VCS's use of the terms "Deaf Interpreter Services" is identical to Plaintiff's name and/or mark (i.e., Deaf Interpreter Services).

48.     Upon information and belief, Webb and/or VCS targets sales, and offers its services to the same customers that are familiar with Deaf Interpreter Services, and to whom Deaf Interpreter Services targets sales and offers its services.

49.     On information and belief, Webb and/or VCS's services are sold in the same, identical channels of trade in which Deaf Interpreter Services offers its services.

50.     Because of the confusing similarities between Plaintiff's name/mark "Deaf Interpreter Services" and Defendants' use of the words "Deaf Interpreter Services", both in Defendants' second web address and second website, consumers are likely to use the services of Webb and/or VCS mistakenly believing those services are sponsored by Deaf Interpreter Services, or that those services are affiliated with Deaf Interpreter Services.

51.     Webb and/or VCS's infringing activities are likely to cause confusion, mistake, and deception among the consuming public as to the origin of the services being provided to the hearing impaired market.

## COUNT 1

### FALSE DESIGNATION OF ORIGIN

52.     Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs 1 through 51 of this Complaint, inclusive as fully set forth herein.

53.     The actions of Webb and/or VCS constitute a false designation of original Under 15 U.S.C. § 1125(a), which acts are likely to cause confusion, mistake or to deceive and has confused and deceived customers into believing that services offered by Webb and/or VCS are affiliated with, sponsored by, or somehow connected with Deaf Interpreter Services.

54.     The unlawful activities of Webb and/or VCS reflect adversely on Deaf Interpreter Services because Deaf Interpreter Services (a) has no ability to control the quality of Webb and/or VCS services, and (b) is the believed source of origin of the services.  Deaf Interpreter Services' efforts to protect its outstanding reputation for high quality services will be hampered, resulting in loss of sales thereof to the irreversible harm of Deaf Interpreter Services.

55.     As a direct and proximate result of Webb and/or VCS's above-described actions, Deaf Interpreter Services has suffered and will continue to suffer, damages in an amount presently unknown and to be ascertained at the time of trial.

## COUNT II

### FEDERAL UNFAIR COMPETITION

56.     Plaintiff realleges and incorporates by reference the allegations of preceding paragraphs 1-55 of this Complaint, inclusive, as if fully set forth herein.

57.     Webb and/or VCS's actions constitute unfair competition under 15 U.S.C. § 1125(a) by passing off their services for those of Deaf Interpreter Services in a manner that is

false, misleading, and misrepresents the nature, characteristics and quality of Defendants' services.

58.     The actions of Webb and/or VCS are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association with Deaf Interpreter Services as to the origin, sponsorship, or approval of the services.

59.     As a direct and approximate result of Webb and/or VCS's above-described actions, Deaf Interpreter Services has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.


## COUNT III

### COMMON LAW UNFAIR COMPETITION

60.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-59 of this Complaint, inclusive, as is fully set forth herein.

61.     The above-described acts constitute unfair competition under the common law of the State of Texas

62.     As a result of Webb and VCS's unfair competition, Deaf Interpreter Services has been damages in an amount to be ascertained at trial.


## COUNT IV

### PIERCING THE CORPORATE VEIL

63.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-62 of this Complaint, inclusive, as is fully set forth herein.

64.     The corporate veil of VCS should be pierced and Webb held responsible for the acts of VCS.

65.     The corporate form of VCS should be disregarded because:

      a.     The form was used as a sham to perpetuate a fraud on the public;

      b.     VCS was organized and operated as a mere tool or business conduit of Webb;

      c.     VCS was used to evade an existing legal obligation not to (1) infringement upon others marks and (2) unfairly compete;

      d.     VCS was used to circumvent a statute, i.e., 15 U.S.C. § 1125(a);

      e.     VCS was used to protect against the discovery of a wrong, i.e., trademark infringement or unfair competition; and

      f.     VCS was inadequately capitalized with an effort to create an injustice when sued for trademark infringement and/or unfair competition.

## **PRAYER**

WHEREFORE, Plaintiff Deaf Interpreter Services, Inc. respectfully requests that the Court enter judgment against Erma Webb and Webbco Enterprises, L.L.C. d/b/a Visual Communication Services, jointly and severely, and grant the following relief:

1.     Preliminary and permanent injunction barring Erma Webb and/or Webbco Enterprises, L.L.C. d/b/a Visual Communication Services, and their officers, agents, servants, employees, and all persons acting on Defendants' behalf from:

      a.     Using the combination of the words "Deaf Interpreter Services" in Defendants' business;

    b.     Using the website of www.sanantoniodeafinterpreterservices.com and/or the web address be transferred to Plaintiff;

    c.     Using "Deaf Interpreter Services" when referring to their services as offered to the hearing impaired market;

    d.     Using any other name, mark or words confusingly similar to DEAF INERPRETER SERVICES, either alone or in combination with any other words or symbols, when referring to Defendants' services.

2.     Award damages, costs and attorney's fees to Deaf Interpreter Services on each of its claims in an amount to be determined at trial, and because of the willful nature of Defendants' acts, such damages be increased to an amount not exceeding three times such amount;

3.     For an injunction ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver for destruction all advertising material or any other items bearing the designation "Deaf Interpreter Services", either alone or in combination with other words or symbols, including deletion of the words from any website or electronic form controlled by Defendants;

4.     Transfer ownership of the domain name of www.sanantoniodeafinterpreterservices.com to Plaintiff Deaf Interpreter Services, Inc.;

5.     Award to Deaf Interpreter Services Defendants' profits as provided under 15 U.S.C. § 1117(a);

6.     Declare this case exception and award Deaf Interpreter Services its reasonable attorneys' fees and the costs of this action; and

7.     Provide such other and further relief which the Court may deem just and proper under the circumstances.

Respectfully submitted,

GUNN, LEE & CAVE, P.C.
300 Convent St., Suite 1080
San Antonio, Texas 78205
Tel:  (210) 886-9500
Fax:  (210) 886-9883

Ted D. Lee
State Bar No. 12137700
Email:  tlee@gunn-lee.com

ATTORNEY FOR PLAINTIFF
DEAF INTERPRETER SERVICES, INC.